**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CRIMINAL ACTION NO. 4:06CR-31-M**

**UNITED STATES OF AMERICA**                                       **PLAINTIFF**

**VS.**

**JIMMY RENSHAW**                                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on September 14, 2007, for an evidentiary hearing to determine whether the Court should authorize the involuntary administration of antipsychotic medication to Defendant, Jimmy Renshaw. Prior to the hearing, the Court reviewed the Forensic Evaluation prepared Dr. Ralph Newman, Staff Psychiatrist at the Federal Medical Center in Butner, North Carolina, and Dr. Edward E. Landis, Director of Psychology Training. Dr. Newman also testified by phone at the hearing.

In <u>Sell v. United States</u>, 539 U.S. 166 (2003), the United States Supreme Court determined that a court may authorize the involuntary administration of antipsychotic medication for the purpose of rendering a defendant competent to stand trial if the government shows: (1) important government interests are at stake; (2) involuntary medication is substantially likely to render the defendant competent to stand trial and substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel at trial; (3) involuntary medication is necessary to further the government's interests, and less intrusive means are unlikely to achieve substantially the

same results; and (4) the administration of the drugs is medically appropriate. Sell, 539 U.S. at 180-82. See also United States v. Ghane, 392 F.3d 317, 319 (8th Cir. 2004); United States v. Everage, 2006 WL 1007274, *1 (E.D. Ky. 2006).

First, the Court finds that important governmental interests are at stake. "The Government's interest in bringing to trial an individual accused of a serious crime is important." Sell, 539 U.S. at 180. Defendant is charged with one count of damaging and destroying by fire the Lafeyette Baptist Church in violation of 18 U.S.C. § 844(i). If convicted, Defendant faces imprisonment of not less than five years and not more than 20 years. Clearly, Defendant is charged with a serious crime.

Second, the Court finds that the requested administration of the involuntary medication is substantially likely to make Defendant competent to stand trial. Dr. Newman testified that the administration of antipsychotic medication is very successful in the treatment of persons suffering from schizophrenia. In the present case, Dr. Newman opined that a 70 percent probability exists that the medication will restore Mr. Renshaw to competency. A 70 percent probability is sufficient to find a substantial likelihood that administration of an antipsychotic medication will restore a defendant to competency. See e.g., United States v. Bracy, 2006 WL 2682173, *3 (E.D. Ark. Sept. 15, 2006). While the Court is aware of the potential severe side effects of the proposed medication, the Court is persuaded that Dr. Newman and his staff can minimize the potential side effects with proper monitoring, dosage changes, and supplemental medication. Accordingly, the Court finds that the proposed treatment would be substantially unlikely to have side effects that will interfere

significantly with Defendant's ability to assist counsel in conducting a defense. In fact, the evidence reflects that, if successful, the medications are substantially likely to improve his ability to communicate appropriately with counsel and assist in his defense.

Third, the record reflects that less intrusive means are unlikely to achieve the same results. The Forensic Evaluation indicates that Defendant's condition is chronic and unlikely to improve in the foreseeable future without treatment with antipsychotic medication. Furthermore, Defendant fails to acknowledge his need for medication and continues to refuse any treatment for his diagnosed mental illness.

Fourth, the Court finds the administration of the antipsychotic medication is medically appropriate. The Forensic Evaluation indicates that the administration of antipsychotic medication is a standard component of treatment for anyone with the Defendant's mental condition.

Based on the reasons set forth above, the Court finds that the Government has satisfied each of the Sell elements and concludes that the involuntary administration of medication to Defendant as requested in the report submitted by Dr. Newman and Dr. Landis is warranted. Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The officials at the Federal Medical Center, Butner, North Carolina are authorized to involuntarily administer antipsychotic medication to Defendant for a period of four months from the onset of the administration of this medication consistent with the recommendations in the Forensic Evaluation prepared by Dr. Newman on July 25, 2007 [DN 21].

      2.    The United States Marshal's Service is directed to immediately return Defendant to the Federal Medical Center, Butner, North Carolina.

cc: counsel of record
    United States Marshal
    Warden, Federal Medical Center at Butner